UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

NATARA L. TATE
4429 West Howie Place
Milwaukee, Wisconsin 53216

       Plaintiff,

      v.                       Case No: 16-CV-0236

ATONEMENT EVANGELICAL
LUTHERAN CHURCH OF MILWAUKEE, INC.
4500 North Sherman Boulevard
Milwaukee, Wisconsin 53209

       Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Natara L. Tate, by her counsel, HEINS & MINKO LLC, by Attorneys Janet L. Heins, Alan Freed, Jr., and Philip E. Thompson, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.,* and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k), *et seq.*

2.    The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Natara L. Tate, is an adult female, who at all times material herein, was an unmarried resident of the State of Wisconsin. Plaintiff currently resides at 5011 Summit Pass, San Antonio, Texas 79229.

4. Defendant, Atonement Evangelical Lutheran Church of Milwaukee, Inc., is a domestic non-stock corporation with its principal place of business at 45 North Sherman Boulevard, Milwaukee, Wisconsin 53209.

## THE FACTS

5. Defendant classifies its educational staff as either "called" or "lay."

6. Only "called" staff is required to undergo specific religious training and stand in front of Defendant's church congregation to be officially recognized. "Called" workers are pastors, teachers, and others that serve the congregation.

7. "Lay" employees provide particular service in maintenance of the ministry, but are not directly involved in ministry.

8. Defendant hired Plaintiff as a full-time "lay" staff member on or about August 5, 2013 as an Educational Assistant at Atonement Lutheran School, a division of Defendant.

9. As an Educational Assistant, Plaintiff assisted the classroom primary teacher with supplies, classroom management, and teaching social studies lessons within the primary teacher's classroom.

10. Plaintiff did not lead prayer, teach Bible studies, or in any way instruct students with regard to the religious mission of Defendant.

11. At all times material herein, Plaintiff performed her work duties in accordance with the reasonable expectations of the Defendant.

12. In September 2013, Plaintiff informed Pastor Mark Henrich at Defendant that she was pregnant.

13. Henrich pressured Plaintiff to resign and informed her that Defendant would need to find another person to fill Plaintiff's position because she had become pregnant before marriage.

14. Henrich informed Plaintiff that if Plaintiff married her boyfriend immediately, she would not need to resign.

15. After Defendant's Principal, Shaun Luehring, learned about Plaintiff's pregnancy, Luehring asked Plaintiff to resign.

16. Plaintiff respectfully declined to resign.

17. Luehring then told Plaintiff that Defendant had never had someone refuse to resign under these circumstances and "if push came to shove, Atonement [would] make [her] resign."

18. Following Plaintiff's refusal to resign, Henrich and Luehring met with Defendant's Board of Directors, including Director, David Kehl, about Plaintiff's pregnancy.

19. After this meeting, Luehring and Henrich told Plaintiff on or about October 11, 2013 that Plaintiff's Education Assistant position was "unavailable to her" effective immediately.

20. Henrich told Plaintiff that if Plaintiff wanted to remain employed with Defendant, Plaintiff would need to accept a new position as an Office Assistant at the same rate of pay Plaintiff was currently receiving.

21. The Office Assistant job would have required Plaintiff to work in a different building and would have prevented Plaintiff from interacting directly with students.

22. Henrich presented Plaintiff with a description of the Office Assistant position offered to her, which was then currently staffed by Monica Williams.

23. Heinrich's offer to Plaintiff was at three dollars less per hour than what the posted position would have been.

24. Plaintiff never accepted, was trained, or held the Office Assistant position offered to her by Defendant.

25. Defendant told Plaintiff that moving her to another building would protect the school's reputation, and that it was the best thing for the school considering the visibility of Plaintiff's pregnancy.

26. Plaintiff never taught a class at Defendant.

27. Plaintiff never served as a substitute teacher.

28. Plaintiff never led prayer or showed her students how to pray.

29. Plaintiff was never required to sing or "model" Christian songs.

30. Plaintiff was never told that being in Chapel amounted to "modeling appropriate Christian behavior."

31. Plaintiff miscarried after being told that Defendant was forcing her out of her position.

32. After Plaintiff's miscarriage, Defendant's Director David Kehl told Plaintiff "God took [her] baby for a reason."

33. After Plaintiff miscarried, Defendant did not return Plaintiff to the classroom as an Educational Assistant.

34. Defendant terminated Plaintiff on or about October 11, 2013 by refusing to allow Plaintiff to continue in her position.

35. On January 13, 2014, Plaintiff filed an employment discrimination complaint against Defendant with the Wisconsin Equal Rights Division ("ERD"), designated as ERD Case No. CR201400131, and cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") as EEOC Case No. 26G201400493C. In the complaint, the Plaintiff alleged, *inter alia*, that Defendant discriminated against her in the terms and conditions of her employment on the basis of her sex and pregnancy.

36. The EEOC issued Plaintiff a Notice of Right to Sue for this case.

37. Plaintiff has exhausted all of her administrative remedies and has satisfied all conditions precedent to bringing this action.

## CLAIM FOR RELIEF — TITLE VII SEX DISCRIMINATION

38. Plaintiff realleges and incorporates paragraphs 1-37 of this complaint by reference.

39. Defendant discriminated against Plaintiff based on sex and pregnancy and terminated her in reckless disregard of her federally protected rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

40. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of loss of wages and other employment benefits, emotional distress, pain and suffering, loss of reputation, prejudgment and post-judgment interest, and other damages she will establish at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front

pay and/or reinstatement, compensatory and punitive damages, prejudgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

    2. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. § 2000e, *et seq.*, and all other applicable statutes and provisions; and

    3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 26th day of February, 2016.

                                           HEINS EMPLOYMENT LAW PRACTICE LLC
                                           Counsel for the Plaintiff

                                           *s/ Janet L. Heins*
                                           Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com