UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATARA L. TATE,
       Plaintiff,

v.                                         Case No. 16-CV-236

ATONEMENT EVANGELICAL LUTHERAN
CHURCH OF MILWAUKEE INC.,
       Defendant.

## DECISION AND ORDER

The plaintiff, Natara Tate, brings this action against the defendant, Atonement Evangelical Lutheran Church of Milwaukee, Inc., alleging that it intentionally discriminated against her on the basis of sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964. Before me now are defendant's motion to dismiss and plaintiff's motion for leave to file an amended complaint.

Defendant argues that plaintiff sued the wrong party and failed to exhaust her administrative remedies against the right party. Defendant says that it never employed plaintiff; instead, she worked for Atonement Community & Education Services, Inc. (d/b/a Atonement Lutheran School)—*i.e.*, she worked for Atonement Lutheran *School*, not Atonement Lutheran *Church*. Defendant argues that this case must be dismissed because it cannot proceed without Atonement Lutheran School as a party and the school cannot be properly joined now because plaintiff has failed to exhaust her administrative remedies against the school.

In response to defendant's motion to dismiss, plaintiff moved for leave to file an amended complaint. Plaintiff's proposed amended complaint adds the school as a

1

defendant and notes that the church and the school "share interchangeably in the management of their employees and operate in the same location, using the same employee handbook, and the like." Am. Compl., ECF No. 10-1, ¶ 6.

Under Federal Rule of Civil Procedure 15(a)(2), "a district court [must] allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendant argues that amendment would be futile in this case because plaintiff failed to exhaust her administrative remedies against the school and cannot do so now. According to defendant, this means that plaintiff's proposed amended complaint would not survive a motion to dismiss, presumably because it fails to state a claim upon which relief can be granted.

"District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)). To survive a motion to dismiss, a plaintiff need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

2

Prior to filing suit under Title VII, a party must first file an administrative complaint, and ordinarily, a party not named in the administrative complaint cannot later be sued under Title VII. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (first citing 42 U.S.C. § 2000e–5(f)(1); and then citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008)). This requirement gives the employer notice of the alleged misconduct and a chance to work with the employee and the appropriate administrative agency to address it outside of court. *Id.* (citing *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)). Under a recognized exception to this general rule, though, a Title VII plaintiff may sue a party that was not named in her administrative complaint "where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]'" *Alam*, 709 F.3d at 666 (alteration in original) (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 905 (7th Cir. 1981)).

I find that plaintiff's proposed amended complaint contains sufficient factual matter, accepted as true, to state a plausible claim. Plaintiff's proposed amended complaint alleges that Atonement Lutheran School was given notice of her administrative complaints and an opportunity to participate in the administrative process despite not being initially named in plaintiff's complaints to the Equal Employment Opportunity Commission and the Equal Rights Division of the Wisconsin Department of Workforce Development. Am. Compl., ECF No. 10-1, ¶ 38. Therefore, the so-called *Eggleston* exception may apply in this case, and I cannot find that amendment would

3

necessarily be futile. I will allow plaintiff to proceed with her proposed amended complaint.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to file an amended complaint (ECF No. 10) is **GRANTED**. The Clerk shall file the amended complaint (found at ECF No. 10-1).

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (ECF No. 5) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this15th day of November, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge